UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CARLOS D. CRUZ-RODRÍGUEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1455 (JAF)

(Crim. No. 03-081)

**OPINION AND ORDER**

Petitioner brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 3.) Respondent opposes (Docket Nos. 9; 14), and Petitioner replies (Docket Nos. 12; 15).

**I.**

**Factual History**

In 2005, Petitioner was convicted for (1) conspiracy to possess with intent to distribute cocaine, crack, and heroin within 1000 feet of both a public school and a public housing facility, under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860; (2) conspiracy to possess firearms during and in relation to a drug-trafficking offense, under 18 U.S.C. § 924(c)(1)(A)(ii) and 924(o); and (3) knowing possession in a school zone of a firearm that had moved in or otherwise affected interstate or foreign commerce, under 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4). (Docket Nos. 3 at 4; 9 at 2–3, 5.)

Civil No. 10-1455 (JAF)                                                                                                   -2-

### A.   Plea Negotiations

Before his trial, Petitioner considered a plea agreement via his trial counsel. (Docket Nos. 3-2; 15.) Petitioner claims that his counsel presented him a "non-cooperation plea bargain of Eleven (11) to Fourteen (14) years incarceration" but failed to advise whether the bargain was a good deal. (Docket No. 3-2 at 2.) In response, he instructed his counsel to inquire as to whether the offer included the firearm violation that threatened a five-year consecutive sentence. (Id.) According to Petitioner, "[c]ounsel never again addressed the issue of a plea" with him. (Docket No. 3; see also Docket No. 3-2 at 2–3.) He claims that, near the trial date, he broached the topic of a plea bargain with his counsel and was told that it was too late to plead guilty. (Docket No. 3-2 at 3.)

### B.   Trial

Petitioner was tried for his involvement in drug-dealing lasting from June 2001 to March 2003 at the Nemesio R. Canales Housing Project ("Canales") located in Hato Rey, Puerto Rico. During trial, Respondent relied primarily on the testimony of three witnesses: Edna Díaz-Pastrana ("Díaz"), Leonor Cuadrado-Figueroa ("Cuadrado") and Abigail Febus ("Febus"). (See Docket No. 3-1.) Díaz and Cuadrado testified as cooperating witnesses, having pleaded guilty to involvement in the Canales drug-dealing. Febus testified as a government informant, having assisted Respondent and its case agents in gathering evidence during the Canales investigation.

Díaz owned a drug point in Canales. She testified on direct examination to having had a relationship with Petitioner for a period of one to two months during 2001. (Crim. No. 03-081, Trial Tr. vol. 1, 66–67, Feb. 14–15, 2005.) She also testified that Petitioner owned a Canales drug point where crack was sold and that Petitioner occasionally possessed automatic firearms that he would conceal in her Canales apartment. (Id. at 67–69.) During cross-examination by Petitioner's

Civil No. 10-1455 (JAF)                                                                                                              -3-

counsel, she testified that Petitioner was absent from Canales for several months during 2002, from around June until around the end of the year. (Crim. No. 03-081, Trial Tr. vol. 2, 133, Feb. 16, 2005.) She also testified on cross-examination that case agents had interviewed her on several pretrial occasions and that, on each, she had answered whatever she was asked. (Id. at 149–50, 163–65.)

Cuadrado also resided at Canales, where she worked for drug-point owners as a seller. (Crim. No. 03-081, Trial Tr. vol. 4, 467–68, Feb. 22, 2005.) She testified that Petitioner owned a Canales drug point where marijuana, cocaine, and crack were sold. (Id. at 474–77.) She also testified that she frequently saw Petitioner in Canales with a firearm. (Id. at 484.) During cross-examination by Petitioner's counsel, she testified that she had been interviewed by case agents on more than one occasion. (Id. at 518–19.) She also testified that while she had been watching the trial the previous day, she had remembered that someone named "Junior" sold drugs for Petitioner at Canales; she had then informed a case agent of her recollection. (Id. at 520–22.)

Febus moved to Canales with the understanding that she would assist Respondent in investigating drug-dealing there. (Crim. No. 03-081, Trial Tr. vol. 2, 202–08, Feb. 16, 2005.) She testified that she had watched Petitioner dealing crack and marijuana at a Canales drug point. (Id. at 212, 215–18.)

After Respondent closed its case-in-chief, Petitioner's counsel sought to introduce the testimony of two case agents, to show that Díaz, Cuadrado, and Febus had not provided information during their pretrial interviews that, at trial, they testified to having provided. (See generally Crim. No. 03-081, Trial Tr. vol. 5, 639–55, Feb. 23, 2005.) Respondent challenged the proffered testimony as inadmissible under the collateral issue rule—that is, as extrinsic evidence on a collateral matter introduced for the sole purpose of impeachment. (Id.) Petitioner's counsel

Civil No. 10-1455 (JAF)                                                                                              -4-

countered that, while he sought to impeach, the evidence would also go to facts relevant to the charges. (Id. at 643, 648–52.) The trial court disagreed and refused to let the agents testify. (See id. at 655.)

### C.   Sentencing and Post-Conviction Proceedings

Petitioner was sentenced to 262 months' imprisonment. See generally United States v. Cruz-Rodriguez, 541 F.3d 19, 31 (1st Cir. 2008) (describing calculation of Petitioner's sentence). During sentencing, the trial court grouped the first two counts, due to their similarity, and sentenced Petitioner based on 21 U.S.C. § 841(a). (Crim. No. 03-081, Sent'g Hr'g Tr. 18–19, Aug. 25, 2005.) Given a particularized finding as to the drug quantities involved, the trial court sentenced at a base offense level of 32. (Id. at 19.) It then enhanced the sentence as follows: Two levels for firearms under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005); two levels for school zone under § 2D1.2(a)(1); and three levels for management under § 2B1.1(b). (Id. at 19–20.) Given a total offense level of 39, the court sentenced him to the minimum of the guideline range, 262 months. (Id. at 20–21.)

As to count three, the firearm charge, the trial court added a consecutive sentence of 60 months. (Id. at 23.) Before that sentence was announced, Respondent clarified for the court that 60 months for count three was a maximum rather than a minimum. (Id. at 7.) Finally, the court decided to offset potential double counting for firearms—given the two-level enhancement and the consecutive sentence—by reducing the sentence for grouped counts one and two by 60 months.[1] (Id. at 23–25.)

---

[1] We note that had the court alternatively subtracted the enhancement, thereby lowering the offense level to 37, and again applied the lower end of the guideline range before adding 60 months for count three, Petitioner's total sentence would have been longer, at 270 months. See U.S. Sentencing Guidelines Manual ch. 5, pt. A (2005).

Civil No. 10-1455 (JAF) -5-

Petitioner's conviction and sentence were affirmed on appeal. (Docket Nos. 3 at 4–5; 9 at 5.) Having received two extensions of time, Petitioner timely files the instant § 2255 motion. (Docket No. 9 at 5.)

## II.

## Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks omitted) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)); see also § 2255(b). In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of counsel, however, are exceptions to this rule. Massaro v. United States, 538 U.S. 500, 509 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

Civil No. 10-1455 (JAF)                                                                                              -6-

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner claims that his counsel was deficient in (1) failing to advise him sufficiently regarding a potential guilty plea; and (2) failing to pursue challenges to the trial court's decisions to (a) exclude the agents' testimony;[2] and (b) enhance Petitioner's sentence for firearms and for operating within a school zone. (Docket No. 3 at 10–12.)

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686–96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens, 483 F.3d at 57 (citing Strickland, 466 U.S. at 687–91). To show prejudice, a petitioner must demonstrate

---

[2] Petitioner also separately claims that the trial court erred in disallowing Petitioner's cross-examination of government witnesses who testified at his trial. (Docket No. 3 at 12.) Upon elaboration, Petitioner claims that the right to cross-examine was abridged by the court's refusal to allow the case agents to testify. (Docket No. 3-1 at 23–27; see, e.g., id. at 24 ("[T]he evidence that could have been provided by the testimony of the case agents might have provided facts from which jurors could have appropriately drawn inferences related to the reliability of Díaz, Febus, and [Cuadrado] as witnesses.").) We, therefore, consider as one the claims numbered two and four on Petitioner's petition. (See Docket Nos. 3 at 10, 12; 3-1 at 14–18, 23–27.)

Civil No. 10-1455 (JAF)                                                                                                     -7-

that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See id. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).

**A.      Plea Agreement**

Petitioner claims that his trial counsel was deficient in handling Petitioner's plea offer. (Docket Nos. 3 at 10; 3-1 at 12–13; 3-2; 15.) "A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable." United States v. Gonzalez-Vazquez, 219 F.3d 37, 41 (1st Cir. 2000) (quoting Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996)). Plaintiff avers that his trial counsel both failed to advise him as to the desirability of the plea agreement offered him by Respondent and failed to follow up with him as to the specific terms of the offer. (Docket Nos. 3-2; 15.) In response, Respondent claims that Petitioner acknowledged the terms of the plea agreement when he rejected it in writing. (See Docket No. 9 at 9.) Respondent has failed to furnish proof of that written rejection. (See Docket Nos. 9; 14.) As Petitioner's affidavits are the only record evidence demonstrating his awareness of the terms of the plea agreement, we find that an evidentiary hearing is in order to determine the facts supporting Petitioner's claim of his trial counsel's failure to advise regarding the plea agreement.

**B.     Exclusion of Agents' Testimony**

Petitioner claims that both his trial and his appellate counsel were deficient in their failure to pursue a challenge to the trial court's ruling that the agents' testimony was inadmissible. (Docket Nos. 3 at 10–12; 3-1 at 14–18, 23–27.) Petitioner argues that their testimony was necessary to challenge the credibility of the main government witnesses and that the failure to admit it amounted to a violation of his rights under the Confrontation Clause. (See Docket No. 3-1 at 14–18, 23–27.)

The trial court ruled the agents' testimony collateral and, therefore, inadmissible under the collateral issue rule, as articulated in United States v. Mulinelli-Navas, 111 F.3d 983, 988–89 (1st Cir. 1997). Under First Circuit law, "impeachment by extrinsic evidence is normally restricted to impeachment on matters that are not collateral." United States v. Catalan-Roman, 585 F.3d 453, 468 (1st Cir. 2009). "A matter is considered collateral if the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness." Id. at 468–69 (internal quotation marks omitted). Both trial counsel and appellate counsel failed to show how the proffered testimony was non-collateral. Petitioner claims that those failures constituted deficient performance.

At trial, Petitioner's counsel laid the foundation for the agents' testimony by asking the witnesses questions on cross-examination about their pretrial interviews with the agents. The following is an example of one of the exchanges: "I ask you if you told, because that was important, if you told the agents that [Petitioner] brought firearms to your apartment? / Yes." (Crim. No. 03-081, Trial Tr. vol. 5, 650, Feb. 23, 2005.) He then proffered the agents' testimony to elicit the following type of exchange: "Did that witness tell you that my client brought firearms into her apartment? / No." (See id. at 654.) Petitioner's counsel labeled this "impeach[ment] by

omission." (Id. at 643.) Though trial counsel did not argue the point directly, he implied that such testimony was not collateral, as the substance of the pretrial interviews went to facts relevant to the charges against Petitioner. (See id. at 648–52.)

The court disagreed. It found that the substance of the pretrial interviews was not competent evidence going to any material fact, as the interviews were pretrial statements that were neither made under oath nor thereafter adopted by the witnesses. (See id. at 652.) Moreover, the court found, the omission of information during pretrial interviews, unlike a prior inconsistent statement, inherently held no probative value as to the truth of the matter omitted. (See id. at 654–55.) Given his discretion to determine the question, see Mulinelli-Navas, 111 F.3d at 988 ("The inquiry into what is collateral is squarely within the trial court's discretion."), the judge found the proffered evidence collateral and, therefore, inadmissible.

Petitioner argues that the agents' testimony "would have rebutted the testimony of the Government's three chief witnesses." (Docket No. 3-1 at 17.) He explains that in their pretrial interviews, Díaz and Cuadrado did not mention his selling drugs other than marijuana. (See id. at 5–6, 8.) He does not explain what Febus omitted from her pretrial interviews that she included at trial. (See id. at 6–7.) He also claims that the agents would have testified that Petitioner was not "named in any of the 19 overt acts specified in the Superseding Indictment" and was absent from Canales for "significant periods of time" during which drug dealers there engaged in an "ongoing, murderous war for control of the drug points." (Id. at 24.) He concludes that absent this evidence, "the jury was not given a reasonably complete picture of [Diaz, Cuadrado, and Febus's] credibility." (Id.) None of this information would have rendered the testimony non-collateral; the facts outlined here by Petitioner are either irrelevant, identical to information testified to at trial, or pretrial omissions of the nature rightfully deemed collateral by the trial judge.

Trial counsel argued for the admissibility of the agents' testimony and was ultimately unsuccessful. His failure to pursue the matter after the court's exclusion of it was not deficient performance. See Fed. R. Evid. 103(a) ("Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

Appellate counsel brought the issue on appeal, but the First Circuit found that he had failed to sufficiently develop the argument that the proffered testimony was non-collateral. See Cruz-Rodriguez, 541 F.3d at 29–30. While Petitioner deems that failure deficient performance, we find that Petitioner has suggested no argument appellate counsel missed that would have undermined the trial court's ruling that the proffered testimony was non-collateral. We, therefore, deem the argument meritless and find that appellate counsel had no obligation to pursue it on appeal. See Acha, 910 F.2d at 32.

C.    **Sentencing Error**

Plaintiff argues that he should not have received an enhancement both for firearms and for drug-dealing within a school zone. (Docket No. 3-1 at 19–22.) Specifically, he claims that the firearms enhancement was "procedural and substantive error." (Id. at 20.) As we explained above, a subtraction of that enhancement would have resulted in a longer sentence for him. See supra note 1. He also claims that the sentencing court operated on the mistaken assumption that sixty months was the minimum sentence for count three (Docket No. 3-1 at 21); as we explained, however, Respondent corrected any potential mistake before sentencing was final, see supra Part I.C.

As trial counsel made this argument regarding double counting at sentencing (Crim. No. 03-081, Sent'g Hr'g Tr. 24, Aug. 25, 2005), he was under no obligation to pursue it further.

See Fed. R. Evid. 103(a). Likewise, appellate counsel raised the issue on appeal. While the First Circuit again found appellate counsel's argument underdeveloped and, therefore, waived, see Cruz-Rodriguez, 541 F.3d at 34 n.13, it scrutinized the sentence and found that any error that had occurred during sentencing inured to Petitioner's benefit, id. at 30–34. We agree and find that appellate counsel was not deficient in deciding not to pursue this argument further on appeal.

## IV.

### Conclusion

For the foregoing reasons, we **DENY IN PART** Petitioner's § 2255 petition (Docket No. 3). As to his claim of ineffective assistance of counsel due to trial counsel's failure to adequately advise him as to the plea bargain, the parties **shall appear** for an **EVIDENTIARY HEARING on June 13, 2011, at 1:30 P.M**. **The Defendant shall be brought to this jurisdiction at least ten (10) days before the scheduled hearing and appear in court to testify if necessary. His counsel of record in Crim. No. 03-81, Edgar R. Vega-Pabón, Esq., shall also testify at the hearing.** In addition, the court **APPOINTS** Mariela Maestre, Esq., to represent the Petitioner at the above proceedings.

The remainder of Petitioner's claims are dismissed; pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, they are summarily dismissed because it is plain from the record that Petitioner is entitled to no relief. We withhold judgment as to whether Petitioner is entitled to a certificate of appealability until we enter final judgment as to all claims.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 9th day of May, 2011.

                                          s/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          U.S. District Judge